1  Peter P. Chen (Bar No. 111426)
   McDERMOTT WILL & EMERY LLP
2  3150 Porter Drive
   Palo Alto, CA 94304-1212
3  Telephone:  650.813.5000
   Facsimile:  650.813.5100
4  E-mail: pchen@mwe.com

5  Matthew F. Weil (Bar No. 157505)
   Christopher D. Bright (Bar No. 206273)
6  McDERMOTT WILL & EMERY LLP
   18191 Von Karman Avenue, Suite 500
7  Irvine, CA 92612-7108
   Telephone:  949.851.0633
8  Facsimile:  949.851.9348
   E-mail: mweil@mwe.com
9  E-Mail: cbright@mwe.com

10 [see signature page for full listing of counsel]

11 Attorneys for Plaintiff
   SANDISK CORPORATION

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                          SAN JOSE DIVISION

15

| | |
|---|---|
| SANDISK CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AUDIO MPEG, INC., a Virginia corporation; U.S. PHILIPS CORPORATION, a Delaware corporation; FRANCE TÉLÉCOM, a French corporation; TÉLÉDIFFUSION DE FRANCE S.A., a French corporation; INSTITUT FÜR RUNDFUNKTECHNIK GMBH, a German corporation,<br><br>Defendants. | Case No. CV 06-02655 RMW<br><br>PLAINTIFF SANDISK CORPORATION'S MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO NORTHERN DISTRICT LOCAL RULE 7-11 SEEKING EXPEDITED DISCOVERY IN CONNECTION WITH DEFENDANTS' MOTION TO DISMISS<br><br>Judge:   Honorable Ronald M. Whyte<br><u>Motion to Dismiss</u><br>Date:    December 1, 2006<br>Time:    9:00 a.m.<br>Dept:    Courtroom 6 |

## I. INTRODUCTION

Defendants Audio MPEG, TDF, and IRT assert that they are not subject to this Court's jurisdiction and have filed a motion that asks the Court to dismiss them from this action for lack of personal jurisdiction.[1] Plaintiff SanDisk Corporation opposes that motion and believes the evidence already before the Court amply demonstrates that Audio MPEG, TDF and IRT are, in fact, subject to jurisdiction in this Court. In the event the Court determines that the pending motion can better be addressed and resolved with reference to additional facts not yet in the record, however, SanDisk requests leave to take expedited discovery in connection with the personal jurisdiction issues, and to a very limited extent the subject matter jurisdiction issues, raised by the defendants' motion to dismiss.

The discovery SanDisk seeks is narrowly focused. SanDisk primarily seeks evidence relevant to the defendants' claim that their contacts with this jurisdiction are so minimal as to put them beyond the reach of this Court. This is information the defendants have so far refused to provide voluntarily.[2] Because the defendants alone are in possession of information that would establish the exact extent of their contacts in California (particularly with respect to the exact amount of revenue they derive from California companies), good cause exists for this Court to exercise its broad discretion and grant the administrative relief SanDisk seeks by ordering the requested expedited discovery.

## II. ARGUMENT

### A. Limited Expedited Discovery Will Reinforce The Existing Evidence That The Court Has Personal Jurisdiction Over Audio MPEG, IRT, and TDF

In the event the Court determines that additional evidence is needed concerning whether the Court has personal jurisdiction over Audio MPEG, IRT, and TDF, SanDisk is prepared to take

---

[1] The defendants filed their Motion to Dismiss on October 23, 2006 and SanDisk filed its opposition on November 9, 2006. In the Motion to Dismiss, all five defendants moved to dismiss this action for lack of subject matter jurisdiction. Defendants Audio MPEG, TDF and IRT also seek a dismissal for lack of personal jurisdiction. (U.S. Philips Corporation and France Telecom submit to the jurisdiction of this Court.) This administrative requests pertains only to the portion of the motion in which Audio MPEG, TDF and IRT seek to be dismissed for lack of personal jurisdiction.

[2] SanDisk sent Defendants a letter on October 31, 2006 requesting expedited discovery in connection with their Motion to Dismiss. In a letter sent the next day, Defendants rejected SanDisk's request.

limited, expedited discovery of certain documents and individuals that it believes will establish such contacts beyond any possible doubt.

In California, personal jurisdiction is coextensive with the United States Constitution. Cal Civ. Proc. Code § 410.10. Thus, personal jurisdiction can be established through showing Defendants have minimum contacts with California. Through discovery, SanDisk will establish minimum contacts by showing *inter alia* that the defendants extract tens of millions of dollars from Northern California businesses every year.

To this end, SanDisk respectfully requests this Court to order Defendants to produce documents and answer interrogatories itemized in the attached proposed First Set of Requests for Production of Documents and First Set of Interrogatories. As the Court can see from reviewing these requests, they are narrowly tailored and relate to 1) any licensing agreement, contract, or negotiation between Defendants and a California entity; 2) royalties paid to Defendants by any California entity; 3) communications between Defendants and any California entity; 4) Defendants' policy relating to licensing patents in California; 5) indemnification of, offer to indemnify or request for indemnification by any California entity; 6) attendance at trade shows in California by Defendants' personnel; 7) marketing or advertising in California by Defendants; 8) Defendants' market study, reports or analyses relating to licensing to California entities; 9) Defendants' financial statements, balance sheets, income statements, earnings statements, cash flow statements, ledgers, and other accounting documentation relating to licensing to California entities; 10) notification by Defendants of any California entity of infringement of any patent; and 11) Defendants' business meetings and correspondence with California entities in the course of negotiating licenses. (In addition, a single request relates to subject matter jurisdiction.)

Following the answering of interrogatories and production of documents, SanDisk will seek a short deposition of Audio MPEG's declarant General Richard Neal to authenticate Audio MPEG's documents, explain any issues or uncertainty in connection with them, and answer questions focusing primarily on the scope of Audio MPEG's dependence on California licensees.

### B. This Court Has Broad Discretion To Order Limited Expedited Discovery

The district court has "broad discretion" to grant discovery where pertinent facts bearing on jurisdiction are controverted or where a more satisfactory showing of facts is necessary. *Data Disc, Inc. v. Sys Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977); *see also Am. West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989) ("It is clear that the question of whether to allow discovery is generally within the discretion of the trial judge. *Id.* However, where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed."). To determine whether expedited discovery is warranted, this District Court has ruled that a good cause standard applies. *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002). In *Semitool*, twenty one days prior to a Rule 26(f) conference, Plaintiff filed a motion for expedited discovery requesting, *inter alia*, technical documents and an inspection of defendant's facilities. *Id.* at 274-75. Judge Chen held that good cause existed for permitting limited expedited discovery, because: 1) the requested documents were central to the underlying case; 2) expedited discovery would also expedite the case to trial; 3) defendant was on notice of the need for such discovery; 4) the documents were not otherwise accessible; 5) the parties were sophisticated; and 6) the requests were narrowly tailored. *Id.* at 276-77.

The good cause standard was again applied in *UMG Recordings, Inc., v. Does 1-4*, 2006 U.S. Dist. LEXIS 32821 (N.D Cal. 2006), to allow expedited discovery. In *UMG Recordings*, plaintiff did not know the names of four Doe Defendants but identified them by a unique Internet Protocol address. *Id.* at **2. Citing *Semitool*, Judge Chen held that expedited discovery outweighed any prejudice to the Doe Defendants, reasoning in part that the information was necessary to advance the lawsuit to trial. *Id.* at **3-4. *See also Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 673-75 (S.D. Cal. 2001) ("Courts are afforded a significant amount of leeway in deciding whether parties may conduct discovery relating to jurisdictional issues while a motion to dismiss is pending;" ordering limited jurisdictional discovery to assess defendants' licensing activities in California).

### C. Good Cause Exists for Expedited Jurisdictional Discovery

In this case, the Court should similarly find that expedited discovery is warranted. First, the documents requested by SanDisk are central to the underlying case. The documents are relevant not only to establishing minimum contacts, but also to the larger issue of infringement and damages. Second, expedited discovery is necessary to efficiently advance this lawsuit to trial because, without disclosure of the documents necessary to sufficiently prove personal jurisdiction, this litigation cannot proceed. Third, Defendants have been on notice that this discovery would be requested -- on October 31, 2006, SanDisk requested discovery in connection with the motion to dismiss. Fourth, the requested documents are not otherwise accessible to SanDisk.

Fifth, the parties are sophisticated corporations with the resources to adequately provide the requested discovery. Defendants TDF and IRT entered into patent pooling agreements, which assigned the right to license the patents to Audio MPEG. Audio MPEG exploited those rights by demanding California businesses to take licenses under them, such as in the August 8, 2005, letter SanDisk received from Sisvel S.p.A., Audio MPEG's parent company. Thus, Defendants' litigious business model shows that they are also sophisticated in trial matters. Finally, the discovery requested by this Motion is narrowly tailored. Each interrogatory and document request is directed to discovery of information concerning defendants' contacts with California entities, with one request addressed to subject matter jurisdiction.

### III. CONCLUSION

The Court should grant SanDisk's Motion.

Dated: November 15, 2006      By:      /s/ Peter P. Chen
                                       Peter P. Chen

Peter P. Chen (Bar No. 111426)
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:   650.813.5000
Facsimile:   650.813.5100
E-mail: pchen@mwe.com

Matthew F. Weil (Bar No. 157505)
Christopher D. Bright (Bar No. 206273)
McDERMOTT WILL & EMERY LLP
18191 Von Karman Avenue, Suite 500
Irvine, CA 92612-7108
Telephone:     949.851.0633
Facsimile:     949.851.9348
E-mail: mweil@mwe.com
E-Mail: cbright@mwe.com

Richard S. Taffet (pro hac vice pending)
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, NY 10022-4689
Telephone:     212.705.7000
Facsimile:     212.752.5378
E-mail: richard.taffet@bingham.com

Holly A. House (Bar No. 136045)
Gregory L. Lippetz (Bar No. 154228)
Bree Hann (Bar No. 215695)
Brian C. Rocca (Bar No. 221576)
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone:     415.393.2000
Facsimile:     415.393.2286
E-mail: holly.house@bingham.com
E-mail: gregory.lippetz@bingham.com
E-mail: bree.hann@bingham.com
E-mail: brian.rocca@bingham.com

Attorneys for Plaintiff
SANDISK CORPORATION

MPK 118240-1.061590.0026

SANDISK'S MOTION FOR ADMINISTRATIVE
RELIEF SEEKING EXPEDITED DISCOVERY

- 6 -

CV 06-02655 RMW

Peter P. Chen (Bar No. 111426)
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone:    650.813.5000
Facsimile:    650.813.5100
E-mail: pchen@mwe.com

Matthew F. Weil (Bar No. 157505)
Christopher D. Bright (Bar No. 206273)
McDERMOTT WILL & EMERY LLP
18191 Von Karman Avenue, Suite 500
Irvine, CA 92612-7108
Telephone:    949.851.0633
Facsimile:    949.851.9348
E-mail: mweil@mwe.com
E-Mail: cbright@mwe.com

[see signature page for full listing of counsel]

Attorneys for Plaintiff
SANDISK CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDISK CORPORATION, a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>AUDIO MPEG, INC., a Virginia corporation; U.S. PHILIPS CORPORATION, a Delaware corporation; FRANCE TÉLÉCOM, a French corporation; TÉLÉDIFFUSION DE FRANCE S.A., a French corporation; INSTITUT FÜR RUNDFUNKTECHNIK GMBH, a German corporation,<br><br>    Defendants. | Case No. CV 06-02655 RMW<br><br>SANDISK'S [PROPOSED] FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS AUDIO MPEG, TDF, AND IRT |

| | | |
|---|---|---|
| PROPOUNDING PARTY: | | Plaintiff SANDISK CORPORATION |
| RESPONDING PARTIES: | | Defendant AUDIO MPEG, INC.<br>Defendant TÉLÉDIFFUSION DE FRANCE S.A.,<br>Defendant INSTITUT FÜR RUNDFUNKTECHNIK |
| SET: | | ONE [REQUESTS 1-14] |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff SanDisk Corporation ("SanDisk"), hereby requests that Defendants Audio MPEG, Inc., Télédiffusion de France S.A., and Institut für Rundfunktechnik produce the documents described below within 10 days of the service of the order of the Court compelling compliance with this Request.

### DEFINITIONS

1.  The terms "Defendant," "you" or "your" shall refer to Defendants Audio MPEG, Inc., Télédiffusion de France S.A., and Institut für Rundfunktechnik, as well as their past or present officers, directors, agents, servants, employees, attorneys, accountants, corporate parents, affiliates, or other persons or entities acting on their behalf for purposes of these requests.

2.  The term "California Entity" shall refer to any natural person, proprietorship, association, corporation, partnership, firm, joint venture, sole proprietorship, business agency or other legal or business organization of any kind doing business in the State of California.

3.  The term "United States Entity" includes any natural person, proprietorship, association, corporation, partnership, firm, joint venture, sole proprietorship, business agency or other legal or business organization of any kind doing business in the United States.

4.  The terms "Documents" and "Things" are used in the broadest sense consistent with Rule 34(a) of the Federal Rule of Civil Procedure 34(a) and include tangible objects of any type, composition, construction or nature, such as models, prototypes and samples of any device or apparatus, and all drafts, proposals, analyses, and negotiations.

5.  "And" and "or" shall be construed conjunctively or disjunctively as necessary to make discovery requests inclusive rather than exclusive.

6.  Use of a singular noun shall be construed to include the plural noun and use of a plural noun shall be construed to include the singular noun. The use of a verb in any tense shall

be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the discovery request documents or information that might otherwise be construed to be outside its scope.

7. "Relating" means referring to, concerning, pertaining to, describing, mentioning, evidencing or constituting.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

All licensing or sublicensing agreements, between you and any California Entity.

**REQUEST NO. 2:**

All licensing or sublicensing agreements, between you and any United States Entity.

**REQUEST NO. 3:**

Documents sufficient to determine the annual revenue derived by you from licensing or sublicensing agreements with California Entities.

**REQUEST NO. 4:**

Documents sufficient to determine the annual revenue derived by you from licensing or sublicensing agreements with United States Entities.

**REQUEST NO. 5:**

To the extent not covered by previous requests, documents sufficient to identify any California Entity that is a party to any licenses, contracts, or agreements with you.

**REQUEST NO. 6:**

To the extent not covered by previous requests, all documents and things relating to any discussions, negotiations or agreements between you and any California Entity.

**REQUEST NO. 7:**

All communications between you and any California Entity relating to any technology or intellectual property licenses, contracts, agreements, or negotiations.

**REQUEST NO. 8:**

All documents relating to your policy, strategy, plan, or practice (whether formal or informal, stated or unstated) relating to licensing patents in California, including, but not limited

to, licensing or cross-licensing your patents to California Entities, marketing your patented technology in California, protecting your intellectual property in California, and/or threatening California Entities with patent infringement actions.

**REQUEST NO. 9:**

All documents and things relating to attendance of any trade show in California by any of your personnel.

**REQUEST NO. 10:**

All documents and things which relate to your promotion or marketing of licensing of technology or intellectual property to California Entities.

**REQUEST NO. 11:**

All documents that relate to your participation in any proceedings or related activity of the ISO/IEC MPEG organization in California.

**REQUEST NO. 12:**

All documents relating to any business travel by any of your personnel to California in the past 5 years. (For the purpose of this request, "business travel" means travel where at least part of the purpose of the travel was to promote or facilitate licensing of technology or intellectual property to any potential licensee in California.)

**REQUEST NO. 13:**

All documents relating to oral or written notification to any California Entity by Defendants of infringement or possible infringement of any patent.

**REQUEST NO. 14:**

All documents constituting or otherwise relating to assurances by any defendant to SanDisk that it would not be sued on any of defendants' so-called "non-essential" patents.

McDermott Will & Emery LLP
Attorneys At Law
Irvine

| | |
|---|---|
| Dated: November 15, 2006 | By: _____/s/ Peter P. Chen_____<br>Peter P. Chen |

Peter P. Chen (Bar No. 111426)
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:     650.813.5000
Facsimile:      650.813.5100
E-mail: pchen@mwe.com

Matthew F. Weil (Bar No. 157505)
Christopher D. Bright (Bar No. 206273)
McDERMOTT WILL & EMERY LLP
18191 Von Karman Avenue, Suite 500
Irvine, CA  92612-7108
Telephone:     949.851.0633
Facsimile:      949.851.9348
E-mail: mweil@mwe.com
E-Mail: cbright@mwe.com

Richard S. Taffet (pro hac vice pending)
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, NY  10022-4689
Telephone:     212.705.7000
Facsimile:      212.752.5378
E-mail: richard.taffet@bingham.com

Holly A. House (Bar No. 136045)
Gregory L. Lippetz (Bar No. 154228)
Bree Hann (Bar No. 215695)
Brian C. Rocca (Bar No. 221576)
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:     415.393.2000
Facsimile:      415.393.2286
E-mail: holly.house@bingham.com
E-mail: gregory.lippetz@bingham.com
E-mail: bree.hann@bingham.com
E-mail: brian.rocca@bingham.com

Attorneys for Plaintiff
SANDISK CORPORATION

MPK 118234-1.061590.0026

| | |
|---|---|
| 1 | Peter P. Chen (Bar No. 111426)<br>McDERMOTT WILL & EMERY LLP |
| 2 | 3150 Porter Drive<br>Palo Alto, CA 94304-1212 |
| 3 | Telephone:    650.813.5000<br>Facsimile:     650.813.5100 |
| 4 | E-mail: pchen@mwe.com |
| 5 | Matthew F. Weil (Bar No. 157505)<br>Christopher D. Bright (Bar No. 206273) |
| 6 | McDERMOTT WILL & EMERY LLP<br>18191 Von Karman Avenue, Suite 500 |
| 7 | Irvine, CA 92612-7108<br>Telephone:    949.851.0633 |
| 8 | Facsimile:     949.851.9348<br>E-mail: mweil@mwe.com |
| 9 | E-Mail: cbright@mwe.com |
| 10 | [see signature page for full listing of counsel] |
| 11 | Attorneys for Plaintiff<br>SANDISK CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| 15 | | |
| 16 | SANDISK CORPORATION, a Delaware corporation, | Case No. CV 06-02655 RMW |
| 17 | Plaintiff, | SANDISK'S [PROPOSED] FIRST SET OF INTERROGATORIES TO DEFENDANTS AUDIO MPEG, TDF, AND IRT [NOS. 1-5] |
| 18 | v. | |
| 19 | AUDIO MPEG, INC., a Virginia corporation; U.S. PHILIPS | |
| 20 | CORPORATION, a Delaware corporation; FRANCE TÉLÉCOM, a French | |
| 21 | corporation; TÉLÉDIFFUSION DE FRANCE S.A., a French corporation; | |
| 22 | INSTITUT FÜR RUNDFUNKTECHNIK GMBH, a German corporation, | |
| 23 | Defendants. | |

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | Plaintiff SANDISK CORPORATION |
| 2 | RESPONDING PARTIES: | Defendant AUDIO MPEG, INC. |
| 3 | | Defendant TÉLÉDIFFUSION DE FRANCE S.A., |
| | | Defendant INSTITUT FÜR RUNDFUNKTECHNIK |
| 4 | SET: | ONE [NOS. 1-5] |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure Plaintiff SanDisk Corporation ("SanDisk"), hereby requests that Defendants Audio MPEG, Inc., Télédiffusion de France S.A., and Institut für Rundfunktechnik answer the following Interrogatories, in writing and under oath, within 10 days of the service of the order of the Court compelling compliance with this Request.

### DEFINITIONS

1. The terms "Defendant," "you" or "your" shall refer to Defendants Audio MPEG, Inc., Télédiffusion de France S.A., and Institut für Rundfunktechnik, as well as their past or present officers, directors, agents, servants, employees, attorneys, accountants, corporate parents, affiliates, or other persons or entities acting on their behalf for purposes of these requests.

2. The term "California Entity" shall refer to any natural person, proprietorship, association, corporation, partnership, firm, joint venture, sole proprietorship, business agency or other legal or business organization of any kind doing business in the State of California.

3. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make discovery requests inclusive rather than exclusive.

4. Use of a singular noun shall be construed to include the plural noun and use of a plural noun shall be construed to include the singular noun. The use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the discovery request documents or information that might otherwise be construed to be outside its scope.

5. "Relating" means referring to, concerning, pertaining to, describing, mentioning, evidencing or constituting.

6. The term "MPEG patent pool" shall refer to the pool of patents related to the standards identified as ISO/IEC IS 11172-3 and ISO/IEC IS 13818-3 for which Audio MPEG

claims to have the exclusive right to grant licenses in the U.S. and Sisvel claims to have the exclusive right to grant licenses outside the U.S.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify every California Entity that you have communicated with regarding an existing or potential license for any one or more patents in the MPEG patent pool.

**INTERROGATORY NO. 2:**

Identify every actual licensee for any one or more patents in the MPEG patent pool who you understand is located in, incorporated in, or has its principal place of business in, California.

**INTERROGATORY NO. 3:**

For each licensee identified in the preceding interrogatory, state the amount (in dollars) of total revenues you have received relating to a license for any one or more patents in the MPEG patent pool.

**INTERROGATORY NO. 4:**

Identify (by date, participants and purpose) each meeting you have had with any potential or actual licensee for any one or more patents in the MPEG patent pool that occurred in California.

**INTERROGATORY NO. 5:**

Identify every trade show, industry meeting or other business-related meeting or event you attended in California relating to patents for MPEG technology.

Dated: November 15, 2006         By: _____/s/ Peter P. Chen_____
                                           Peter P. Chen

Peter P. Chen (Bar No. 111426)
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone:   650.813.5000
Facsimile:    650.813.5100
E-mail: pchen@mwe.com

|    |    |
|----|----|
| 1  | Matthew F. Weil (Bar No. 157505) |
| 2  | Christopher D. Bright (Bar No. 206273) |
|    | McDERMOTT WILL & EMERY LLP |
| 3  | 18191 Von Karman Avenue, Suite 500 |
|    | Irvine, CA  92612-7108 |
| 4  | Telephone:     949.851.0633 |
|    | Facsimile:      949.851.9348 |
| 5  | E-mail: mweil@mwe.com |
|    | E-Mail: cbright@mwe.com |

Matthew F. Weil (Bar No. 157505)
Christopher D. Bright (Bar No. 206273)
McDERMOTT WILL & EMERY LLP
18191 Von Karman Avenue, Suite 500
Irvine, CA  92612-7108
Telephone:     949.851.0633
Facsimile:      949.851.9348
E-mail: mweil@mwe.com
E-Mail: cbright@mwe.com

Richard S. Taffet (pro hac vice pending)
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, NY  10022-4689
Telephone:     212.705.7000
Facsimile:      212.752.5378
E-mail: richard.taffet@bingham.com

Holly A. House (Bar No. 136045)
Gregory L. Lippetz (Bar No. 154228)
Bree Hann (Bar No. 215695)
Brian C. Rocca (Bar No. 221576)
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:     415.393.2000
Facsimile:      415.393.2286
E-mail: holly.house@bingham.com
E-mail: gregory.lippetz@bingham.com
E-mail: bree.hann@bingham.com
E-mail: brian.rocca@bingham.com

Attorneys for Plaintiff
SANDISK CORPORATION

MPK 118242-1.061590.0026